In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 22-2814

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CORY M. FREYERMUTH,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:21CR00047-002 — **James D. Peterson**, *Chief Judge*.

---

ARGUED JULY 12, 2023 — DECIDED AUGUST 7,2023

---

Before SYKES, *Chief Judge*, and ROVNER, and WOOD, *Circuit Judges*.

ROVNER, *Circuit Judge*. Cory Freyermuth received a 102-month prison sentence for conspiring to distribute methamphetamine and launder money. *See* 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 1956(h). He appeals that sentence, arguing that the district judge should have applied a minor-role reduction. *See* U.S.S.G. § 3B1.2. Because the judge adequately

compared Freyermuth's role to the average conspiracy member's and applied the relevant guideline factors, we affirm.

## I. Background

Freyermuth and five others were indicted by a Wisconsin grand jury for their involvement in a conspiracy to distribute large quantities of methamphetamine. The other participants included Freyermuth's brother, his brother's girlfriend, and three regional dealers. Freyermuth pleaded guilty to conspiring to both distribute over 50 grams of methamphetamine and launder money.

After the district judge accepted Freyermuth's plea, the probation office prepared a Presentence Investigation Report (PSR), which described Freyermuth's role in the conspiracy. According to that report, Freyermuth—at his brother's direction—received drug shipments, leased a storage unit to store the drugs, delivered the drugs to the regional dealers, collected money from the dealers, and sent that money to his brother and brother's girlfriend. Based on these activities, the PSR concluded that Freyermuth was "integral" to the conspiracy, and a minor-role reduction was not warranted.

Freyermuth objected, arguing that the reduction was justified because he was "essentially [his brother's] drug mule": Relative to his co-conspirators, he was uninvolved in decision-making and poorly compensated. The probation office disagreed, concluding that Freyermuth's "numerous duties"—receiving shipments, maintaining a storage unit, delivering drugs to the dealers, collecting proceeds, and wiring proceeds back to his brother—precluded him from the minor-role reduction. Without the reduction, Freyermuth's total offense level was assessed at 37 and criminal history

category at III, yielding a guideline imprisonment range of 262 to 327 months.

Freyermuth again raised his minor-role arguments in his sentencing memorandum and at his sentencing hearing. First, he argued that his role in the conspiracy was determined by his brother's "extraordinarily specific" instructions, in marked contrast to the dealers, who operated "more like business partners." Second, he cited application note 3(A) to § 3B1.2 of the Guidelines, which recommends a minor-role adjustment for one whose participation in a drug conspiracy was limited to transporting or storing drugs. A minor-role reduction would have lowered Freyermuth's offense level by six—two levels under § 3B1.2 and four levels under § 2D1.1(a)(5)—to 31, which would correspond to a sentencing range of only 135 to 168 months.

The district judge rejected Freyermuth's minor-role argument. The judge stated that he had reviewed the relevant guidelines and application notes, and concluded that Freyermuth's conduct fell outside the scenario described in application note 3(A). Freyermuth's role, the judge said, was "multifaceted": he stored the drugs "relatively independently," maintained the inventory, and delivered the drugs to the dealers—"it wasn't just like he was the courier[.]" The judge added that Freyermuth also collected and laundered the conspiracy's proceeds, which enhanced his knowledge of the conspiracy's "scale." The judge acknowledged that Freyermuth's discretion was limited by his brother's instructions but found that factor insufficient to justify a reduction. The judge imposed a sentence of 102 months, well below the guidelines range, to run concurrently with a sentence of the same length on the money laundering count.

## II. Discussion

On appeal, Freyermuth challenges only the denial of the minor-role reduction, arguing that the judge did not appropriately consider the factors set forth in the commentary to § 3B1.2 and erroneously denied the reduction despite finding facts that were sufficient to grant it. This appeal presents a mixed question of law and fact. We review the district judge's factual findings for clear error and its interpretation of the Sentencing Guidelines de novo. *United States v. Campuzano-Benitez*, 910 F.3d 982, 989 (7th Cir. 2018).

The minor-participant reduction applies if the defendant can show by a preponderance of the evidence that he was "substantially less culpable than the average participant" in the conspiracy. *United States v. Orlando*, 819 F.3d 1016, 1025 (7th Cir. 2016) (quoting U.S.S.G. § 3B1.2 cmt. n.3(A)). To determine whether the reduction applies, courts must evaluate several, non-exhaustive factors, including the defendant's knowledge of the conspiracy; his influence in planning, organizing, and decision-making; his individual participation (including the discretion he had therein); and the degree to which he stood to benefit from the conspiracy. U.S.S.G. § 3B1.2 cmt. n.3(C). Although district judges need not explicitly consider every factor, we look for sufficient indication from the record that the judge was aware of the factors. *Campuzano-Benitez*, 910 F.3d at 989–90.

Freyermuth insists that the district judge erred by basing his decision on Freyermuth's multifaceted role rather than considering the factors set forth in note 3(C) to § 3B1.2. But the judge's reasoning for denying the reduction appropriately tracked the factors set forth in note 3(C). The judge, for instance, addressed the first factor, finding that Freyermuth's

multifaceted role informed him of the conspiracy's "scale." *See* U.S.S.G. § 3B1.2 cmt. n.3(C)(i). And the judge recognized Freyermuth's minimal influence in planning, organizing, and decision-making; the judge acknowledged as much when he stated that Freyermuth worked "under the ultimate direction" of his brother. *See* U.S.S.G. § 3B1.2 cmt. n.3(C)(ii)–(iii). Finally, the judge explicitly discussed Freyermuth's extensive participation—storing and transporting the drugs, plus collecting and laundering the proceeds—that involved him in most of the conspiracy's operations. *See id.* § 3B1.2 cmt. n.3(C)(iv).

Freyermuth also argues that the judge, by focusing on his multifaceted role, did not appropriately compare his role to that of the average conspiracy-member. Under application note 3(A), a minor-role reduction is warranted when a defendant is "substantially less culpable than the average participant in the criminal activity." *Id.* § 3B1.2 cmt. n.3(A). But here too, the judge was required to make this comparison only implicitly, rather than explicitly. *See United States v. Sandoval-Velazco*, 736 F.3d 1104, 1108 (7th Cir. 2013). The judge made that implicit comparison, explaining, for instance, that Freyermuth performed more functions than the dealers and interacted with every other member of the conspiracy—especially with his brother, the leader.

Freyermuth next argues that the judge misinterpreted application note 3(A), which addresses adjustments available to a hypothetical defendant whose role in the offense make him less culpable than the average participant. The note provides:

> [A] defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting *or* storing

> drugs … may receive an adjustment under this
> guideline.

U.S.S.G. § 3B1.2 cmt. n.3(A) (emphasis added). Freyermuth maintains that the judge misinterpreted this language to disqualify him from a minor-role downward adjustment because he primarily transported *and* stored drugs.

We disagree. Section 3B1.2's application turns on culpability, and not all acts of storage and transport affect a defendant's culpability equally. *See United States v. Sanchez*, 989 F.3d 523, 544 (7th Cir. 2021). Here, the sentencing transcript reflects that the judge did not regard Freyermuth to be substantially less culpable than the average participant in the conspiracy. The judge emphasized that his role in storing the drugs was "relatively independent[]": "It wasn't just like he maintained a stash house that other people came and used. He actually stored it and maintained the inventory." Similarly, Freyermuth's transportation role "wasn't just like he was the courier who got it from Arizona to Wisconsin"; rather he "transported it in the sense of actually delivering it to the dealers." On top of that, the judge recognized that Freyermuth added to his culpability by collecting and laundering the proceeds.

Because the facts here support the judge's conclusion that a minor-role reduction was not warranted, we AFFIRM.